UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-61533-CIV-MARRA/JOHNSON

SAMANTHA SAFRANEK, individually,
ANA ISABEL SAFRANEK, individually,
and DAVID SAFRANEK, individually,

 Plaintiffs,

v.

WAL-MART STORES, INC., and TOPPS MEAT
COMPANY, LLC, a domestic corporation,

 Defendants.
_____/

## ORDER AND OPINION ON COSTS AND ATTORNEY'S FEES

THIS CAUSE is before the Court upon Defendants, Wal-Mart Stores, Inc. and Topps Meat Company, LLC's Verified Motion for Award of Attorney's Fees and Costs (DE 367), Plaintiff Samantha Safranek's Verified Motion to Tax Costs (DE 368), and Defendants, Wal-Mart Stores, Inc. and Topps Meat Company, LLC's Motion to Strike Plaintiffs' Notice of Filing Supplemental Authority (DE 385). The Court has reviewed the motions, responses, replies, the file in this case, and is otherwise fully advised in the premises.

Costs

Both the Plaintiff Samantha Safranek and Defendants are moving for costs as the prevailing parties. Plaintiffs' argue against Defendants' motion for costs by stating that Samantha Safranek is the only prevailing party in this case. Plaintiffs assert the fact that Defendants obtained a judgment as a matter of law on Ana and David Safranek's claims does not

1

render them prevailing parties. Plaintiffs also contend that Defendants are not prevailing parties because Ana and David Safranek's claims were derivative of their daughter Samantha's claims. The Court rejects Plaintiffs' arguments. By virtue of Defendants obtaining judgments as a matter of law under Fed.R.Civ.P. 50, they became prevailing parties. Plaintiffs cite no authority, nor has the Court found any, to support the proposition that Defendants are not prevailing parties because Ana and David's claims were derivative. Therefore, Defendants are entitled to costs related to defending against the derivative claims. See Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. §1920. Defendants are not entitled to all costs incurred in this case, only those which can be attributable to the defense of the claims of Ana and David Safranek.

Plaintiffs are, however, correct that Samantha Safranek is the prevailing party with respect to her claims against Defendants, pursuant to the Court's Final Judgment. (DE 362). Because Ana and David Safranek are not prevailing parties, Plaintiffs are not entitled to costs incurred by them in prosecuting this case. Therefore, pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 7.3, and 28 U.S.C. § 1920, Samantha Safranek is entitled to all recoverable costs as a prevailing plaintiff.

The submissions of the parties do not separate out the costs they seek consistent with this Court's ruling. Plaintiffs are seeking all of their costs, including those which may relate to the unsuccessful claims of Ana and David Safranek, and Defendants are seeking all of their costs, including costs which relate to their unsuccessful defense of the claims of Samantha Safranek. As a result, the Court orders the parties to resubmit their requests for costs limiting the requests to costs that relate to the claims on which they prevailed. In connection with the new submissions, each party shall describe why they believe the items of costs are attributable to the

claims on which they prevailed as opposed to claims on which they did not prevail.  To the extent an item of cost is claimed to be attributable to both claims on which the party prevailed and on which the party did not prevail, the party shall make a good faith effort to apportion the item of cost to each category and explain the basis for the apportionment.

Attorney's Fees

Defendant Topps Meat Company served proposals for settlement upon all Plaintiffs on July 1, 2010, and offered Ana Safranek and David Safranek each thirty thousand dollars in full settlement of their claims.  (DE 367, Ex. 1).  Defendant Wal-Mart Stores, Inc., also served a proposal for settlement on all Plaintiffs on July 1, 2010, and offered Ana Safranek and David Safranek each fifteen thousand dollars in full settlement of their claims.  (DE 367, Ex. 1).  In their Verified Motion for Award of Attorneys Fees and Costs (DE 367), Defendants seek attorney's fees pursuant to section 768.79, Florida Statues.  Plaintiffs' argue in their response (DE 381) that Defendants failed to timely serve the proposals for settlement in violation of Florida Rule of Civil Procedure 1.442.

As previously indicated, the Court finds that the Defendants are the prevailing parties as to Plaintiffs Ana and David Safranek because a judgment as a matter of law was entered against them.  The Court rejects Plaintiffs' argument that Defendants' proposals for settlement were untimely.  First, the Court notes that the timing provision of Florida Rule of Civil Procedure 1.442 is strictly procedural and therefore is not applicable in this federal court case.  *See, e.g., Tiara Condominium Ass'n v. Marsh USA, Inc.*, 697 F.Supp.2d 1349, 1357-58 (S.D. Fla. 2010).  The controlling substantive law that the Court must apply in this regard is found in Fla. Stat. §768.79.  Defendants' proposals for settlement were timely under that statute.  Therefore, the

Court finds that Defendants are entitled to attorney's fees against Ana and David Safranek. However, the award of attorney's fees will only relate to professional services performed relative to defending against the derivative claims. Defendants are not entitled to attorney's fees incurred in defending against Samantha Safranek's claims.

As with the requests for costs, Defendants have not separated out the attorney's time expended in defending against the derivative claims. Rather, their submission appears to seek recovery of all of their attorney's fees, including those associated with defending against Samantha Safranek's successful claims. Defendants are therefore ordered to resubmit their attorney's fees claims itemizing those fees that relate to the claims for which they are entitled to reimbursement. Defendants' time records must be submitted in conjunction with this filing. In connection with the new submissions, Defendants shall describe why they believe the particular time entries are attributable to the claims on which they prevailed, and are not related to claims on which they did not prevail. To the extent a time entry may cover work performed both on claims on which Defendants prevailed and on claims on which they did not prevail, Defendants shall make a good faith attempt to apportion the time entry between each category and explain the basis for the apportionment.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1)     Defendants, Wal-Mart Stores, Inc. and Topps Meat Company, LLC's Verified Motion for Award of Attorney's Fees and Costs (DE 367) is **GRANTED IN PART AND DENIED IN PART.** Defendants are entitled only to costs related to defending against Plaintiffs, Ana and David Safranek's, derivative claims.

        Defendants are entitled to the attorney's fees related to defending against Plaintiffs, Ana and David Safranek's, derivative claims from the date that they served the proposals for settlement.

(2) Plaintiff Samantha Safranek's Verified Motion to Tax Costs (DE 368) is **GRANTED.** Plaintiffs are entitled only to costs related to Samantha Safranek's claims against the Defendants, and are not entitled to any costs related to Ana and Davis Safranek's derivative claims.

(3) Defendants, Wal-Mart Stores, Inc. and Topps Meat Company, LLC's Motion to Strike Plaintiffs' Notice of Filing Supplemental Authority (DE 385) is **DENIED.**

(4) The new submissions required by this Order shall be made within 45 days.

(4) Orders and judgments awarding costs and attorney's fees shall be entered by separate orders in due course.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of February, 2011.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record